IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTONIO ALFORD,

    Petitioner,

    -vs-

Warden, Lebanon Correctional Institution,

    Respondent.

:

:

:

Case No. 3:12-cv-415

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action pursuant to 28 U.S.C. §2254 in which Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. Upon initial review under Rule 4 of the Rules Governing § 2254 Cases, the Court ordered an answer, which has now been filed (Return of Writ, Doc. No. 5), along with the state court record (Doc. No. 4). Petitioner has filed a Traverse in support (Doc. No. 7) and the case is now ripe for decision.

**Procedural History**

In connection with the shooting death of Laquan Sanford, Alford was indicted by the Montgomery County Grand Jury on two counts of felonious assault, three counts of murder, one count of discharge of a firearm in or near prohibited premises, three counts of having a weapon under disability, and one count of tampering with evidence. After a motion to suppress

1

eyewitness identifications and his confession was denied, he was convicted by a jury on all counts and the appended firearm specifications. After merging some of the counts under Ohio Revised Code § 2941.25, the trial court sentenced Alford to a combined term of thirty-six years to life imprisonment. On appeal, the court of appeals ordered the further merger of the two felonious assault counts and then the merger of those counts with the murder offense. The State sought unsuccessfully to appeal to the Ohio Supreme Court. On remand, the trial court on November 24, 2010, imposed an aggregate sentence of twenty-eight years to life. Alford appealed, complaining of the imposition of terms of post-release control on the felonious assault counts. In August, 2012, the court of appeals sustained that assignment of error and remanded for entry of a judgment omitting those terms of post-release control, and the trial court complied on August 21, 2012.

Alford then filed the instant Petition pleading the following Grounds for Relief:

> **GROUND ONE:** Insufficient evidence
>
> **Supporting Facts:** The witnesses who testified at Trial have radically differing account of the events that took place. The Court of Appeals simply relied on an Unconstitutional confession as evidence to support all convictions. Even if the confession were Constitutional, it does not admit all of the essential elements of every single charge. Rule 29 Motion should have been granted.
>
> **GROUND TWO:** Double Jeopardy.
>
> **Supporting Facts:** Trial Court failed to merge all Felonious Assault charges after being told to do so by Court of Appeals. This Petitioner faces multiple punishments for the same action.
>
> **GROUND THREE:** Egregious evidentiary ruling
>
> **Supporting Facts:** The Petitioner refused to sign a Waiver of his 5th Amendment Right to remain silent, and as such, his "Confession" was unconstitutionally obtained, and inadmissible. Thus, the Court should have suppressed it.

(Petition, Doc. No. 1, PageID 5-8.)

Respondent pleads that all of Alford's claims are barred by his procedural default in not timely appealing to the Ohio Supreme Court and that his Double Jeopardy claim is moot in that the state trial court has now merged all the felonious assault counts which it was ordered to merge by the court of appeals (Return of Writ, Doc. No. 5).

## Procedural Default

In substance, Alford raised as assignments of error on direct appeal the same claims he makes in his three Grounds for Relief. The convictions were affirmed, but the case was remanded to the trial court on June 4, 2010. *State v. Alford*, 2010 Ohio App. LEXIS 2042 (2nd Dist. June 4, 2010). Although the State appealed to the Ohio Supreme Court on the remanded issue, Alford did not file a cross-appeal as to the issues on which the court of appeals had affirmed the trial court. The State argues that in failing to do so, Alford procedurally defaulted his Grounds for Relief.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), *quoting O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Houk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02

4

(6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

There plainly is an Ohio rule applicable to this case, to wit, the rule that an appeal must be taken from an adverse decision of the court of appeals to the Ohio Supreme Court within forty-five days of the court of appeals' decision. *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004). That rule was enforced against Alford: when he attempted to appeal to the Ohio Supreme Court on September 14, 2012, that court denied his motion for delayed appeal. *State v. Alford*, Case No. 2012-1569 (Entry of October 24, 2012, copy at PageID 224.) The rule requiring that an appeal be filed within forty-five days is also an adequate and independent state court ground of decision. *Bonilla, supra.*

Alford argues that he can show excusing cause and prejudice. He argues that neither his own appellate attorney nor the Ohio Public Defender, both of whom knew about the State's appeal ever filed a brief on his behalf (Traverse, Doc. No. 7, PageID 847). "Additionally, no one, not the Petitioner's Appellate Counsel, the Ohio Public Defender's Office, the Clerk of

5

Courts nor the Court itself ever <u>notified</u> the Petitioner of any obligation on his part to defend the action." *Id.* (emphasis sic). Alford is not arguing that he did not know about the adverse decision in the court of appeals, but rather that he did not know of his obligation to pursue the case in the Ohio Supreme Court.

Alford argues that he did not know of the State's appeal (Traverse, Doc. No. 7, PageID 849). But whether or not the State took an appeal is immaterial to his duty to preserve his claims by appealing. That is, he would still have had the duty if the State had not appealed, although the State's appeal might have had some effect on the time for filing.

To the extent Alford argues he somehow received ineffective assistance of appellate counsel in the Ohio Supreme Court because no cross-appeal or brief was filed, that argument is unavailing. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Where there is no Sixth Amendment right to counsel, there is no basis to claim ineffective assistance of counsel as excusing cause for a procedural default. Attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which he was not constitutionally entitled to counsel, e.g., a discretionary appeal or state post-conviction proceeding. *Coleman v. Thompson*, 501 U.S. 722 (1991).

Of course, a defendant is constitutionally entitled to effective assistance of counsel on direct appeal and ineffective assistance of appellate counsel can be excusing cause for a procedural default. However, the ineffective assistance of appellate counsel claim cannot be presented as cause if it was procedurally defaulted in the state courts. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Alford procedurally defaulted any claim of ineffective assistance of appellate counsel for not filing in the Ohio Supreme Court by failing to include this claim when

6

he filed his Application for Reopening his direct appeal and failed to include this issue, raising another issue of ineffective assistance of appellate counsel entirely (See Application, attached to Return of Writ, PageID 180).

To the extent this is a claim that he did not know of his right to appeal because the Ohio Public Defender, the Clerk of Courts, or the court of appeals itself did not tell him, that is also not excusing cause.  *Bonilla, supra.*  None of those entities was under a duty to explain to him the procedure for appeal and their failure to tell him is thus not excusing cause.

Alford also claims he had inadequate access to the law library, but little or no research is needed to draft a simple notice of appeal and in any event, lack of access has been held not to be excusing cause.  *Bonilla, supra*.

As an alternative to excusing cause and prejudice, Alford claims actual innocence of the crimes in question.  He first asserts that his confession was false and "given merely to protect the identity of the actual shooter in this case, to whom this Petitioner owed a debt of gratitude." (Traverse, Doc. No. 7, PageID 846).  He also claims that because the jury acquitted him of the charge of discharging a firearm in or near prohibited premises, he cannot be guilty of a shooting death arising from the same facts.  *Id.*

In *Murray v. Carrier,* 477 U.S. 478 (1986), the Supreme Court recognized an exception to the cause and prejudice requirement for a petitioner who could demonstrate actual innocence.  However, actual innocence means factual innocence as compared with legal innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).  "A prototypical example of actual innocence in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley,* 505 U.S. 333 (1992). To come within the actual innocence exception to the required showing of cause and prejudice with respect to an abuse of the writ, a habeas petitioner

7

or § 2255 movant must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. That is, the petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt' in the light of the new evidence he or she is tendering. In reaching this conclusion, the habeas court may need to make credibility determinations. *Schlup v. Delo*, 513 U.S. 298 (1995), adopting standard from *Murray v. Carrier*, 477 U.S. 478 (1986). In *House v. Bell,* 547 U.S. 518 (2006), the Supreme Court applied *Schlup* and found that petitioner produced sufficient evidence to pass through the gateway. Ch. J. Roberts in dissent criticized the majority for ignoring the district court's credibility findings under Fed. R. Civ. P. 52. The Sixth Circuit applies *Schlup* to determine whether a habeas applicant has made a cognizable claim of actual innocence, *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).

Alford has presented no new evidence of actual innocence. He has not even attached an affidavit of his own to claim his confession was false, much less anything from the supposed actual shooter. As to the alternative claim of inconsistent verdicts, that is also unavailing. The jury could well have found for Alford on the element of where the shooting occurred, which would prevent the verdicts from being inconsistent. But even if they were, they would not present a basis for habeas corpus relief. *Getsy v. Mitchell*, 495 F.3d 295, 306-307 (6th Cir. 2007)(*en banc*).

## Mootness

Respondent argues that Ground Two (Double Jeopardy) is moot and Alford makes no response. As Respondent points out, any possible Double Jeopardy claim arising from

8

sentencing on allied offenses of similar import has been cured by the court of appeals order for merger of those offenses and the trial court's obedience to that order.

## Conclusion

All of Petitioner's claims are barred by his unexcused procedural default in presenting them to the Ohio Supreme Court.  The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the court should certify that any appeal would not be taken in objective good faith.

June 14, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).